1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  MICHAEL ALAN DEAN HILL,            Case No.  2:25-cv-0789-JDP (P)
12              Plaintiff,
13        v.                           ORDER
14  DENNIS CEMO,
15              Defendant.
16

Plaintiff brings this action against sergeant Dennis Cemo.  The allegations fail to state a claim.  Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein.  I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 7.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17  Plaintiff purports to bring a class action on behalf of himself and five other inmates for
18  violations of their constitutional rights.  ECF No. 1 at 2.  Plaintiff, however, cannot bring claims
19  on behalf of other inmates.  *See Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001) (holding
20  that the inmate-plaintiff could not prosecute a class action on behalf of other inmates).

21  Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow
22  plaintiff a chance to amend his complaint before recommending that this action be dismissed.
23  Plaintiff should take care to add specific factual allegations against each defendant.  If plaintiff
24  decides to file an amended complaint, the amended complaint will supersede the current one.  *See*
25  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the
26  amended complaint will need to be complete on its face without reference to the prior pleading.
27  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer
28  serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to

assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    August 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3