1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL ALAN DEAN HILL,                    Case No.  2:25-cv-0789-JDP (P)

12                  Plaintiff,

13          v.                                   ORDER

14    DENNIS CEMO,

15                  Defendant.

16

17          Plaintiff brings this action against sergeant Dennis Cemo, alleging that Cemo used

18    excessive force against him by waking him up unnecessarily for pill call.  The allegations fail to

19    state a claim.  Plaintiff may, if he chooses, file an amended complaint that addresses the

20    deficiencies noted herein.

21                       **Screening and Pleading Requirements**

22          A federal court must screen the complaint of any claimant seeking permission to proceed

23    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

24    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

25    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

26    relief.  *Id.*

27          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

28

                                             1

1    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

2    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

3    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

4    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

5    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

6    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

7    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

8    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

9    n.2 (9th Cir. 2006) (en banc) (citations omitted).

10          The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

11   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

12   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

13   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

14   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

15   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

16   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

18          Plaintiff alleges that over a two-week period in February of this year, Cemo directed other

19   correctional officers to wake plaintiff up at 4:30 in morning to move him to a booking cell while

20   officers passed out medication.  ECF No. 11 at 3.  This routine also occurred in the evenings.  *Id.*

21   One evening, sergeant Cameron Pomeroy told plaintiff that plaintiff had not caused any issues

22   with the medication pass, and that officers would not remove him from his cell during medical

23   passes anymore.  *Id.*  For a few cycles, this was true.  Plaintiff received his medications in his

24   cell, without being removed, until one morning when defendant Cemo was back on shift.  That

25   morning, plaintiff was awoken early and taken to the law library during medication pass.  *Id.*

26   Plaintiff claims that Cemo intentionally harassed him.  *Id.*

27          Plaintiff purports to bring claims for harassment, retaliation, and cruel and unusual

28   punishment.  Plaintiff has not sufficiently alleged a Fourteenth Amendment claim based on sleep

2

deprivation.  Plaintiff alleges that for a few weeks, he was woken up early.  The Ninth Circuit has held that illumination of a cell by two large florescence lights that were kept on 24 hours a day for six months did constitute a constitutional violation—but what plaintiff has alleged here, a few hours of light exposure during the early morning, is a far cry from the facts of *Keenan*.  *See Keenan v. Hall*, 83 F.3d 1083, 1088, 1090-91 (9th Cir. 1996).

As for plaintiff's retaliation claim, plaintiff has failed to allege a colorable claim.  To state a First Amendment retaliation claim, a plaintiff must allege (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).  Plaintiff alleges in a conclusory fashion that Cemo is retaliating against him, but plaintiff has not explained the factual basis for that allegation.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed.  Plaintiff should take care to add specific factual allegations against each defendant.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's amended complaint, ECF No. 11, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    December 1, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4